## John Somes & another *vs.* Equitable Safety Insurance Company.

Upon a policy of marine insurance, issued by a mutual insurance company, to insurance brokers " on account of whom it may concern," and payable to the brokers in case of loss, an action may be maintained by the real owners of the property, although the by-laws of the company provide that none but members of the company shall be insured therein. And the defendants cannot set off any claim against the brokers.

Merrick, J. The defendants are a mutual marine insurance company, holding their charter under the statutes of this commonwealth. The two policies declared on were effected with them by Means & Clark, insurance brokers, doing business in the city of Boston. At the time of the making of the policies, and also at the times of the alleged losses, the plaintiffs were the owners of the insured vessel and freight. No question is raised respecting the due execution of the policies, the ownership of the property or right to the earnings of freight, or the losses alleged. But the defendants contend, first, that this action cannot be maintained by the plaintiffs in their own names; and

secondly, that they have a right to deduct from the amount of loss to be recovered all and whatever claims they have against Means & Clark.

1. The insurance in both the policies was effected by Means & Clark, and payable in case of loss to them ; but it was in fact, as well as in express terms, made " on account of whom it should concern." It thus appeared upon the face of the policies, that the property at risk did or might belong to parties not named therein, but who were represented by the parties who had the immediate dealing with the defendants ; and therefore that the insurance was to be applied to the protection of the interest of those not named but for whom it was intended. 1 Phil. Ins. § 383. This is the general rule ; and an action may therefore, in this as in all such cases, be maintained upon the policies to recover in case of loss, either in the name of the owners of the property insured, or of the brokers by whom the insurance was effected. *Farrow* v. *Commonwealth Ins. Co.* 18 Pick. 53. In a later case this question was distinctly presented to this court, and after a full examination of the authorities bearing upon it the former decision was fully confirmed. And Wilde, J., in giving the opinion of the court, after quoting the language of Bayley, J. in the case of *Sargent* v. *Morris*, 3 B. & Ald. 280, that actions upon policies of insurance may be brought " either in the name of the party by whom, or of the party for whom, the contract was made," adds that such has been the practice within this commonwealth. *Williams* v. *Ocean Ins. Co.* 2 Met. 306. In the recent case of *Cobb* v. *New England Mutual Marine Ins. Co.* 6 Gray, 193, which, like the present, was an action against a mutual company, it was contended in their behalf, that the plaintiff, who procured himself to be insured for the benefit " of whom it might concern," could maintain no action upon the policy, because he did not own and had no interest in the property insured ; but the court held otherwise, and that the action might be prosecuted in his name for the benefit of the real owners of the property. It is, in short, the uniform doctrine of all the cases, that upon policies effected in the name of any person " for whom it may concern " an action may be brought and

maintained, in case of loss, either in his name or in the name of those who owned the property, and were intended to be insured. 2 Phil. Ins. § 1958.

But the defendants urge that if this is the established rule in respect to policies issued by stock corporations, it cannot prevail in relation to mutual insurance companies. No decision to that effect has been cited; but the defendants rely, in support of their position thus taken, upon the provision contained in one of their by-laws, namely, that no person, except he be a member of the corporation, can effect insurance and receive a policy. This however is not a satisfactory answer to the claim that the general rule in relation to the maintenance of actions upon policies is equally applicable to companies whose capital consists of a fixed sum of money actually paid in and represented by shares of the common stock, and to those which act upon what is denominated the mutual principle. Under the provisions of the statutes of this commonwealth all mutual fire insurance companies are authorized as fully and effectually as any other company to effect insurance upon vessels, freight, goods and effects and moneys belonging to other parties. Rev. Sts. *c.* 37, §§ 12, 24. And the charter of the defendants, by which they are created a corporation for the purpose of effecting maritime insurance against maritime losses, confers upon them, so far as may be applicable to them, all the powers and privileges set forth in the whole of the above cited chapter of the revised statutes. That is to say, that in their character of maritime insurers, they may insure all kinds of property against maritime perils, in as full and ample a manner as fire companies can insure against losses by fire. Indeed, since they are invested by their charter with all the powers set forth in *c.* 37 of the Rev. Sts., and that by § 12 the companies there named are authorized to make insurance upon vessels, freight, money, goods and effects, without any words of restriction or limitation, there seems to be no reason to doubt that the defendants have an equal right with stock companies, or other insurers, to insure against every species of maritime hazard and loss. Under the authority thus conferred, the defendants issued, as other companies of the lik

kind are accustomed to do, the policies in the present case, substantially in the same form as those made by companies having a fixed capital. With respect to the remedies to which the assured may resort to obtain the promised indemnity, there is no substantial reason why they should not be the same as those to be availed of against other classes of insurers. The contract in each case being not only in form, but in substance, the same, there is no principle, in the absence of any fixed rule or stipulation agreed to by the parties concerning the remedies, upon which it can be held that the same process and form of proceeding, which may be had against one kind of insurance company, may not be resorted to with equal propriety and success against the other. The objection therefore of the defendants that this action cannot be maintained against them in the name of the owners of the property insured is not well founded and must be overruled.

2. But in the next place they contend that if the plaintiffs can recover against them to the extent of the losses sustained, they have a right to set off against the judgment any and all claims which they have against the brokers Means & Clark. But we cannot think that this is now an open question. In the case of *Williams* v. *Ocean Ins. Co.* 2 Met. 306, the same ground was taken and the same claim made by the insurers. But the court refused to allow it; and said, that this was a well settled question. Referring to the case of *Hurlbert* v. *Pacific Ins. Co.* 2 Sumner, 471, Wilde, J., in stating the opinion of the court, remarked, that " that case turned, as this does, upon a clause in the policy, by which it was agreed, in case of loss, that all sums due to the underwriters from the insured should be deducted from the claim for the loss; so that the only question is, who were ' the insured,' within the true intent and meaning of the policy." And the owners of the property, described under the phrase " for whom it may concern," were held to be the insured; and consequently that no claim which the defendants had against the broker or factor in whose name the policy was issued, could be set off as against the claim of the owners for their loss; but only such claims as they had against the real party in interest.

We see no distinction between that case and the present upon this particular question. It makes no difference that in that case the defendants were a stock, and that in this they are a mutual company. The clause in the policy in each case, relied on by the defendants, is in the same terms. And their rights and obligations depend upon the stipulations contained in the contract by which they were respectively bound, and not upon the manner in which the two corporations were severally organized, or in which they provided themselves with funds for the payment of losses which might be incurred. That decision is consequently decisive against the right insisted upon by the defendants to deduct, from the amount of losses to be .paid, the demands held by them against Means & Clark. They may set off all claims which they have against the plaintiffs; but subject to that deduction only, judgment must be entered for the plaintiffs for the aggregate of the losses agreed by the parties to have been sustained.

The determination that the defendants cannot avail themselves in their defence of any claims in their favor against Means & Clark, renders it unnecessary to consider any of the questions discussed in the argument concerning the particular matters which might be made the subjects of set-off against them.

*Judgment for the plaintiffs*

*H. A. Scudder*, for the plaintiffs.
*A. H. Fiske*, for the defendants.